# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6313 | **DATE** | 1/18/2011 |
| **CASE TITLE** | Demetria Johnson vs. United Parcel Service, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss amended complaint [23] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Defendant has attached a copy of a collective bargaining agreement to its memorandum in support of its motion to dismiss. However, plaintiff's amended complaint does not refer to the collective bargaining agreement, nor does the claim pled in that complaint depend upon the collective bargaining agreement. Since the collective bargaining agreement is matter outside of the complaint, and the court is not going to convert this motion to dismiss to a motion for summary judgment, the collective bargaining agreement is being excluded from consideration. See FRCP 12(b), (d).

The court finds it premature to determine that plaintiff's claim is foreclosed as not involving subjects sufficiently private or embarrassing to support the tort of public disclosure of private facts under Illinois law. The cases primarily relied upon by defendant were far more factually developed than this one, since they were reviewed after rulings on summary judgment. See <u>Haynes v Alfred A. Knopf, Inc.</u>, 8 F3d 1222, (7th Cir 1993); <u>Duncan v Peterson</u>, 835 NE 2d 411 (Ill App 2005); <u>Chisholm v Foothil Capital Group</u>, 3 F Supp 2d 925 (N D Ill 1998). This case, too, requires additional development of the facts before the court can conclude whether it should go to trial.

| | Courtroom Deputy Initials: | slb |
|---|---|---|